IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.M. and I.B.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAY SHRI HANUMAN, INC., d/b/a ECONOLODGE<br><br>    Defendant. | Civil Action No.<br>1:24-cv-04037-VMC |

**ORDER**

This matter is before the Court on Defendant's Consent Motion for Extension of Time to File Answer and Open Default ("Motion," Doc. 7). Plaintiffs filed their Complaint on September 9, 2024. (Doc. 1). Defendant was served on September 11, 2024, (*see* Doc. 5), so their answer was due on October 2, 2024. Defendant failed to file an answer, Plaintiffs moved for an entry of default, and default was entered against Defendant on October 8, 2024. (Doc. 6). Defendant now asks the Court to set aside the entry of default and requests an extension of time to file its answer. (Doc. 7). Plaintiffs consent to the Motion. (*Id.*).

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). There is no "precise formula" for establishing good cause, but courts "have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a

meritorious defense." *Noorani Trading, Inc. v. Bijani*, 1:17-CV-1344-LMM, 2019 WL 12520128 at *1 (N.D. Ga. March 18, 2019) (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). "However, these factors are not exhaustive, as courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id*.

While considering these factors, courts should keep in mind the Eleventh Circuit's "strong policy of determining cases on their merits." *Id*. (citing *Fla. Physician's Ins. Co., Inc., v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). Accordingly, any doubts should be resolved in favor of permitting a case to proceed on the merits. *Udoinyion v. Guardian Sec. Mgmt. & Investigative Servs., Inc.*, No. 1:08-CV-1729-CC, 2013 WL 12212966, at *2 (N.D. Ga. Mar. 27, 2013) (citing *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962)). Ultimately, the decision to set aside an entry of default is within the discretion of the Court. *Noorani*, 1:17-CV-1344-LMM, 2019 WL 12520128 at *1 (citing *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)).

Having considered Defendant's Motion and the fact that the Motion is unopposed, the Court finds that the requisite showing has been made and will grant the Motion.

meritorious defense." *Noorani Trading, Inc. v. Bijani*, 1:17-CV-1344-LMM, 2019 WL 12520128 at *1 (N.D. Ga. March 18, 2019) (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). "However, these factors are not exhaustive, as courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id*.

While considering these factors, courts should keep in mind the Eleventh Circuit's "strong policy of determining cases on their merits." *Id*. (citing *Fla. Physician's Ins. Co., Inc., v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). Accordingly, any doubts should be resolved in favor of permitting a case to proceed on the merits. *Udoinyion v. Guardian Sec. Mgmt. & Investigative Servs., Inc.*, No. 1:08-CV-1729-CC, 2013 WL 12212966, at *2 (N.D. Ga. Mar. 27, 2013) (citing *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962)). Ultimately, the decision to set aside an entry of default is within the discretion of the Court. *Noorani*, 1:17-CV-1344-LMM, 2019 WL 12520128 at *1 (citing *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)).

Having considered Defendant's Motion and the fact that the Motion is unopposed, the Court finds that the requisite showing has been made and will grant the Motion.

Accordingly, it is **ORDERED** that Defendant's Consent Motion for Extension of Time to File Answer and Open Default (Doc. 7) is **GRANTED**. The Clerk is **DIRECTED** to indicate that its October 8, 2024 Entry of Default is set aside.

It is **FURTHER ORDERED** that Defendant shall have through and including November 8, 2024, to answer or otherwise respond to Plaintiffs' Complaint.

**SO ORDERED** this 22nd day of October, 2024.

_____
Victoria Marie Calvert
United States District Judge