UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| H.M. & I.B., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | Civil Action No. 1:24-cv-04037-VMC |
| v. | ) | |
| | ) | |
| JAY SHRI HANUMAN, INC. d/b/a | ) | **JURY TRIAL DEMANDED** |
| THE ECONOLODGE, | ) | |
| | ) | |
|    Defendant. | ) | |

### **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant, Jay Shri Hanuman, Inc. d/b/a the EconoLodge ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiffs' Complaint, showing as follows:

1. Defendant lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1.

2. Admitted.

3. Admitted.

4. Defendant admits that it owned and operated the EconoLodge at 4980 Cowan Road, Acworth, Georgia 30101 in 2014, and denies the remaining allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5, including subparts (a) through (f).

6. Defendant denies the allegations contained in paragraph 6, including subparts (a) and (b).

7. Paragraph 7 is a statement to which no response is required. To the extent a is response is required, the allegations in paragraph 7 are denied.

## RESPONSE TO OPERATIVE FACTS

I. **Response to "Plaintiffs' trafficking at the EconoLodge."**

8. Defendant lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

II. **Response to "Defendant's knowledge of prior crime at the EconoLodge."**

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant admits only that it owned and had employees at the EconoLodge. Otherwise, Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27, including subparagraphs (a) through (f).

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29, including subparagraphs (a) through (i).

30. Defendant denies the allegations in paragraph 30.

**RESPONSE TO COUNT I: STATUTORY LIABILITY UNDER 18 U.S.C. § 1595**

31. Defendant incorporates the paragraphs above as if fully restated herein.

32. Defendant denies the allegations in paragraph 32.

33. Defendant admits only that it received revenue from operation of the EconoLodge. Otherwise, Defendant denies the allegations in paragraph 33.

34. Defendant admits only that it owned and operated the EconoLodge. Otherwise, Defendant denies the allegations in paragraph 34.

35. Defendant lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

## RESPONSE TO DAMAGES

42. Defendant incorporates the paragraphs above as if fully restated herein.

43. Defendant denies the allegations in paragraph 43, including subparagraphs (a) through (h).

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

Defendant further denies the allegations contained in the unnumbered WHEREFORE paragraph following paragraph 45, including subparagraphs (a) through (e).

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Defendant denies all allegations not specifically admitted.

### SECOND DEFENSE

Plaintiffs' Complaint fails to allege facts sufficient to state a claim against Defendant upon which relief can be granted.

### THIRD DEFENSE

No act or omission of Defendant proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiffs; therefore, Plaintiffs have no right of recovery against Defendant.

### FOURTH DEFENSE

The injuries complained of by Plaintiffs, if any, were caused solely and proximately by the acts or omissions of third persons. Such acts and omissions themselves constitute the sole proximate cause of Plaintiffs' injuries and further served to break the chain of causation between Plaintiffs' injuries and any negligence of which this Defendant may have been guilty. This Defendant specifically denies that it has been guilty of any negligence whatsoever with respect to the Plaintiffs.

## FIFTH DEFENSE

To the extent the evidence shows, Defendant reserves the right to assert any defenses relating to the duty to mitigate damages.

## SIXTH DEFENSE

To the extent the evidence shows, Defendant reserves the right to assert any defenses relating the doctrine of estoppel, waiver, release, fraud, and/or laches.

## SEVENTH DEFENSE

The damage, if any, sustained by the Plaintiffs was the result of the conduct of persons or entities over whom Defendant has no control or responsibility, and for whose conduct Defendant is thus not liable.

## EIGHTH DEFENSE

Plaintiffs' claims against Defendant are barred because there is no causal connection between any alleged act, error, or omission by Defendant and the Plaintiffs' alleged damages.

## NINTH DEFENSE

Plaintiffs have failed to join all necessary parties for just adjudication.

## TENTH DEFENSE

To the extent Plaintiffs allege that they were assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed to

**FIFTH DEFENSE**

To the extent the evidence shows, Defendant reserves the right to assert any defenses relating to the duty to mitigate damages.

**SIXTH DEFENSE**

To the extent the evidence shows, Defendant reserves the right to assert any defenses relating the doctrine of estoppel, waiver, release, fraud, and/or laches.

**SEVENTH DEFENSE**

The damage, if any, sustained by the Plaintiffs was the result of the conduct of persons or entities over whom Defendant has no control or responsibility, and for whose conduct Defendant is thus not liable.

**EIGHTH DEFENSE**

Plaintiffs' claims against Defendant are barred because there is no causal connection between any alleged act, error, or omission by Defendant and the Plaintiffs' alleged damages.

**NINTH DEFENSE**

Plaintiffs have failed to join all necessary parties for just adjudication.

**TENTH DEFENSE**

To the extent Plaintiffs allege that they were assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed to

Plaintiffs. As such, no action by the Defendant could have precluded or prevented the actions of these third parties.

## ELEVENTH DEFENSE

Plaintiffs' alleged damages were caused by a superseding, intervening act, which was beyond the knowledge or control of Defendant.

## TWELFTH DEFENSE

Defendant is entitled to apportionment of liability to other parties and non-parties to this action. Without limiting the foregoing, the injuries alleged by Plaintiffs were caused in whole or in part by other persons or entities, including without limitation: Plaintiffs' traffickers; any associate of Plaintiffs' traffickers; any other persons who trafficked Plaintiffs; and any persons or entities with liability under the TVPRA. The addresses of those persons and entities are not currently known to Defendant. These persons or entities are at fault for the injuries alleged by Plaintiffs because they trafficked them. Defendant is entitled to and hereby gives its notice of its intent to seek apportionment under O.C.G.A. § 51-12-33.

## THIRTEENTH DEFENSE

Defendant is entitled to a set-off for any settlement paid by any party or non-party, in satisfaction of the same damages for which the Plaintiffs are suing.

## FOURTEENTH DEFENSE

In the event the evidence shows, Defendant reserves the right to assert that Plaintiffs' claims are barred in whole or in part because of her own comparative negligence and/or assumption of risk and/or that Plaintiffs, by the exercise of ordinary care, could have avoided any injury allegedly sustained.

## FIFTEENTH DEFENSE

Plaintiffs' allegations are expressly or impliedly preempted by federal law.

## SIXTEENTH DEFENSE

Defendant respectfully reserves the right to amend its Answer to assert other affirmative defenses, claims, and defense as may become available or apparent during discovery.

## SEVENTEENTH DEFENSE

With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Core,* 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

## EIGHTEENTH DEFENSE

Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates the Defendant's rights to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## NINETEENTH DEFENSE

Defendant denies that punitive damages are warranted. Without limiting the foregoing, Defendant shows that punitive damages, if any, should be capped at $250,000.

## TWENTIETH DEFENSE

Defendant breached no duty owed to Plaintiffs under the circumstances.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are or may be barred by the applicable statute of limitations and/or laches.

## TWENTY-SECOND DEFENSE

Plaintiffs have not properly plead a claim for attorney's fees, and Plaintiffs are not otherwise entitled to attorney's fees.

## JURY DEMAND

Defendant demands a trial by a jury of 12 persons on all issues so triable.

## GENERAL DENIAL

Responding to each and every claim in Plaintiffs' Complaint, Defendant denies that it is liable to Plaintiffs in any way, either in law or equity. To the extent any paragraph, sentence, sub-paragraph, statement, or allegation in Plaintiffs' Complaint is neither expressly admitted nor denied by the foregoing responsive answers and defenses, the same is hereby specifically denied. Further, Defendant specifically denies that Plaintiffs are entitled to any relief.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant requests that the Court enter judgment in favor of it with all remedies available at law, and grant such other and further relief as may be just and proper.

Respectfully submitted this 8th day of November, 2024.

- 11 -

                        **FREEMAN MATHIS & GARY, LLP**

                        */s/ Jennifer C. Adair*
                        Jennifer C. Adair
                        Georgia Bar No. 001901
                        JAdair@fmglaw.com
                        Emma J. Fennelly
                        Georgia Bar No. 610587
                        Emma.fennelly@fmglaw.com
                        *Attorneys for Jay Shri Hanuman, Inc. d/b/a the EconoLodge*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(678) 996-9133

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing document has been prepared in accordance with L.R. 5.1 using Times New Roman font, 14-point.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com

*Attorneys for Jay Shri Hanuman, Inc. d/b/a the EconoLodge*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically served a copy of the foregoing **Defendant's Answer to Plaintiffs' Complaint** to all parties by filing a true and correct copy with the Clerk of Court, which will automatically send electronic copies to all counsel of record as follows:

Anderson Tate & Carr
Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
Rory A. Weeks
rweeks@atclawfirm.com
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia 30097
(770) 822-0900
*Counsel for Plaintiffs*

This 8th day of November, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com

*Attorneys for Jay Shri Hanuman, Inc. d/b/a the EconoLodge*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(678) 996-9133