# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| H.M. & I.B., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:24-cv-04037-VMC |
| v. ) | |
| ) | |
| JAY SHRI HANUMAN, INC. d/b/a ) | **JURY TRIAL DEMANDED** |
| THE ECONOLODGE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to LR 26.1, N.D. Ga., and Fed. R. Civ. P. 26(a)(1), Defendant Jay Shri Hanuman, Inc. d/b/a the Econolodge ("Defendant"), by and through undersigned counsel, files and serves its initial disclosures as follows:

## PRELIMINARY STATEMENT

Discovery in this litigation has not yet begun. The initial disclosures set forth below are necessarily made without full knowledge of the facts, circumstances, and legal theories involved in this case and are made in a good faith effort to comply with Fed. R. Civ. P. 26(a)(1). Defendant makes these disclosures based on information that is reasonably available to it at this time. Further discovery and investigation may lead to substantial changes, additions to, and variation from the disclosures.

Accordingly, Defendant reserves the right to amend the disclosures without prejudice to its rights to produce facts, witnesses, documents and other evidence omitted from these responses by oversight, inadvertence, good faith error or mistake.

Defendant further notes that the information set forth in these disclosures may include hearsay and other forms of information that are unreliable, irrelevant, or not otherwise admissible in evidence. Defendant therefore reserves all objections relating to the admissibility of evidence.

Specifically, Defendant reserves and asserts objections to production of documents and tangible things that are protected from discovery by the following privileges: trial preparation materials (Fed. R. Civ. P. 26(b)(3)); attorney work product (Fed. R. Civ. P. 26(b)(3) and (4)); consulting expert materials (Fed. R. Civ. P. (26(b)(4)(B)); and attorney/client communications. Defendant also reserves and asserts objections to the disclosure of any information that is not relevant to any party's claim or defense in this litigation.

**1. If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Answer: Not applicable.

**2. Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Answer: Plaintiffs' traffickers and their customers are a necessary parties. Further, as discovery has not yet begun, and the identity of additional necessary parties may not yet be known. Defendant reserves its right to supplement, modify, or amend its answer as necessary, either by amended answer to this disclosure or by disclosure during formal discovery.

**3. Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

Answer: Defendant did not breach a duty owed to Plaintiffs and did not violate any law, code or statute—no act or omission on its part caused or contributed to the events alleged in Plaintiffs' Complaint. On information and belief, it was Plaintiffs' own negligence and the illegal acts of their traffickers and customers that caused the events alleged in Plaintiffs' Complaint. Affirmative Defenses 3 through 13 are based on the preceding facts and the fact that Plaintiffs, through the exercise of ordinary care, caused their own damages and failed to avoid, lessen, and/or mitigate their alleged damages. Discovery in this matter has not yet begun; therefore, Defendant cannot provide a further detailed factual basis for the defenses asserted in its Answer without the benefit of discovery from the parties. Defendant reserves the right to supplement this disclosure as discovery progresses.

**4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

<u>Answer</u>: Discovery in this matter has not yet begun; therefore, Defendant reserves the right to supplement this response as discovery progresses. The following list represents Defendant's best effort, at this early stage in the proceedings, to determine legal principles and authorities applicable to this action. Defendant will rely upon applicable Georgia and federal law concerning tort actions (O.C.G.A. § 51-1-1 *et seq.*), premises liability (O.C.G.A. § 51-3-1 *et seq.*), defenses to tort actions (O.C.G.A. § 51-11-1 *et seq.*); the Trafficking Victims Protection Act of 2000 ("TVPRA") (22 U.S.C. § 7101 *et seq.*), federal case law including *K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024), damages (O.C.G.A. § 51-12-1 *et seq.*), comparative and contributory negligence (O.C.G.A. § 51-11-7), and apportionment of fault (O.C.G.A. § 51-12-33).

**5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

<u>Answer</u>: *See* Attachment "A" for a list of witnesses known at this early stage of litigation. Discovery in this matter has not yet begun; therefore, Defendant reserves the right to supplement, modify, or amend the foregoing as necessary, either by amended response to this disclosure or by disclosure during formal discovery.

**6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying all provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Answer: Testifying expert witnesses have not been identified by Defendant. As discovery has not yet begun, Defendant reserves the right to supplement, modify, or amend the foregoing as necessary, either by amended response to this disclosure or by disclosure during formal discovery.

**7. Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures at Attachment C.)**

Answer: *See* Attachment "C" for a list of documents and materials known at this time.

**8. In the space provided below, provide a computation of any category or damages claimed by you. In addition, include a copy of, or described by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Answer: Defendant is not claiming any damages at this time.

**9. If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Answer: Defendant is unaware of any other legal entity that may be liable to any other party in this action. Defendant identifies Plaintiffs' alleged traffickers and their

associates as well as the customers as a persons who may be liable to Plaintiffs in this matter. However, discovery has not yet begun; therefore, other liable persons or entities may not be known, and Defendant reserves the right to supplement, modify, or amend the foregoing as necessary, either by amended response to this disclosure or by disclosure during formal discovery.

**10. Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Answer: *See* Attachment "E."

Respectfully submitted this 5th day of December, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com

*Attorneys for Jay Shri Hanuman, Inc. d/b/a the EconoLodge*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(678) 996-9133

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing document has been prepared in accordance with L.R. 5.1 using Times New Roman font, 14 point.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com

*Attorneys for Jay Shri Hanuman, Inc. d/b/a the EconoLodge*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically served a copy of the foregoing **Defendant's Initial Disclosures** to all parties by filing a true and correct copy with the Clerk of Court, which will automatically send electronic copies to all counsel of record as follows:

Anderson Tate & Carr
Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
Rory A. Weeks
rweeks@atclawfirm.com
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia 30097
(770) 822-0900
*Counsel for Plaintiffs*

This 5th day of December, 2024.

**FREEMAN MATHIS & GARY, LLP**

/s/ Jennifer C. Adair
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com

*Attorneys for Jay Shri Hanuman, Inc. d/b/a the EconoLodge*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(678) 996-9133

## **ATTACHMENT A**

By making these disclosures, Defendant does not represent that it is identifying every witness, document, data compilation, or thing that it may use to support its claims or defenses. Rather, these Initial Disclosures represent a good-faith effort to furnish information known to Defendant at the present time falling within the scope of Fed. R. Civ. P. 26(a)(1). Defendant reserves the right to supplement these Initial Disclosures based upon additional information that may be learned through discovery or otherwise. Further, Defendant submits these Initial Disclosures without waiver of, and with preservation of: (i) all questions as to competency, relevancy, materiality, privilege, and admissibility of each disclosure and the subject matter thereof as evidence for any purpose in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceedings; (ii) the right to object to the use of any information or document, or the subject matter thereof, on any ground in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceeding; (iii) the right to object on any ground at any time to a demand or request for further information or any other discovery requests or other discovery proceedings involving or relating to the subject matter of these Initial Disclosures; and (iv) the right at any time to revise, correct, add to, supplement, or clarify any of the disclosures contained herein. Subject to these disclaimers, Defendant provides the

following list of individuals currently known to likely have discoverable information that Defendant may use to support their defenses:

1. Dilip Patel
   c/o Freeman, Mathis & Gary, LLP
   3344 Peachtree Road NE, Suite 2400
   Atlanta, Georgia 30326

2. Plaintiffs
   Anderson Tate & Carr
   One Sugarloaf Centre
   1960 Satellite Blvd., Suite 4000
   Duluth, Georgia 30097

3. Employees of Defendant for the time period relevant to the allegations in Plaintiff's Complaint, who may be contacted through counsel.

4. Plaintiffs' alleged traffickers and their customers

5. Plaintiffs' family, friends, work colleagues and others, the identity of whom is currently unknown.

6. Plaintiffs' healthcare providers.

7. Law enforcement officers.

8. Any individual(s) disclosed by Plaintiff in her Rule 26(a)(1).

9. Any individual(s) identified in any documents and/or discovery produced by the Parties.

## **ATTACHMENT B**

Experts who may be used at trial are yet to be identified. Defendant reserves the right to identify these and any additional witness(es) it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, as discovery in this matter proceeds, and as Defendant obtains more particularized allegations from the other party to this action. Defendant will timely supplement this disclosure if and when required by Fed. R. Civ. P. 26(e).

## **ATTACHMENT C**

Set forth in this Attachment are the categories of documents, electronically stored information and/or tangible things (collectively "Documents") in the possession, custody or control of Defendant and/or its counsel that Defendant may use to support its defenses. This identification is made without waiver of Defendant's right to disclose other categories of potentially relevant Documents that Defendant may use to support its claims or defenses as Documents are identified during continuing investigation, and to use Documents which are identified by any party to this action or any third party in order to support Defendant's or defenses as may be identified during discovery. Defendant does not concede the relevance or admissibility of any of the following categories of Documents, and reserves the right to contest their relevance and admissibility at trial. Defendant reserves the right to identify additional materials that it may use to support its defenses as discovery in this matter proceeds.

Subject to these disclaimers, Defendant provides the following list of Documents that it is searching for:

1. The property deed;

2. Contracts with any staffing/security/cleaning companies;

3. The franchise agreement with Econolodge;

4. Room rental records/folios for Plaintiffs and their traffickers;

5. Emails regarding security incidents, crime, etc. at the property;

6. Any documents related to the audits/inspections of the property;

7. Policy and procedure documents;

8. The purchase and sales agreements for the purchase and sale of the property;

9. Employee files for those employed at the property in 2014.

## **ATTACHMENT D**

Not applicable.

## **ATTACHMENT E**

Defendant will produce any applicable insurance policies with appropriate redactions directly to Plaintiffs' counsel upon request.