UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.M. & I.B.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAY SHRI HANUMAN, INC, d/b/a<br>THE ECONOLODGE,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:24-cv-4037-VMC |

**PLAINTIFFS' INITIAL DISCLOSURES**

**1. State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiffs' contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiffs bring claims against Defendant for statutory liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and 18 U.S.C. §1595.

Plaintiffs were trafficked for sex in 2014 at the EconoLodge, located at 4980 Cowan Road, Acworth, Georgia 30101 (hereafter, the "EconoLodge"). Plaintiffs were not the only victims trafficked for sex at the EconoLodge, as sex trafficking occurred routinely and openly at the EconoLodge.

Defendant knew that Plaintiffs were at its hotel, and Defendant knew or should have known that Plaintiffs, along with other victims, were being illegally sold

for sex at the hotel. Yet Defendant failed to intervene and take any measures to report or stop Plaintiffs' trafficking. Instead, Defendant's agents and employees actively engaged in and participated in the facilitating and perpetrating of the sexual and emotional violations and abuse against Plaintiffs with complete disregard for the safety, welfare, and overall well-being of Plaintiffs.

Defendant also knew or should have known of other prior and contemporaneous sex trafficking and sex crimes at the EconoLodge premises but did nothing to prevent sex trafficking on the premises, including Plaintiffs' sex trafficking. Defendant knew or should have known that the EconoLodge was a venue for sex trafficking, including Plaintiffs' sex trafficking, yet Defendant failed to implement policies and procedures to prevent, identify, and deter sex trafficking in its hotel and to ensure that it was not profiting from sex trafficking, as required by the TVPRA and other federal and state laws. Defendant knowingly benefited from Plaintiffs' sex trafficking by receiving revenue generated by the operation of the EconoLodge, including revenue generated by the booking of the room in which Plaintiffs were trafficked by their traffickers.

Defendant's actions or lack thereof directly contributed to and were interrelated in facilitating Plaintiffs' sex trafficking, from which they suffered irreparable harm.

**2. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiffs contend are applicable to this action.**

Statutes, codes, and regulations applicable to this case includes, but are not limited to: 18 U.S.C. §§ 1591, 1595 (Trafficking Victims Protection Reauthorization Act), and O.C.G.A. §§ 13-6-11, 9-15-14.

Without limitation, case law demonstrating applicable legal principles includes: *Doe # 1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (2021), *J.C. v. I Shri Khodiyar, LLC*, 1:22-cv-00844-SEG (N.G. Ga. Aug. 29, 2022), *J.G. v. Northbrook Industries, Inc.*, 1:20-cv-05233-SEG (N.D. Ga. Aug. 2, 2022), *A.G. v. Northbrook Indus., Inc.*, 1:20-CV-05231-JPB, 2022 WL 1644921 (N.D. Ga. May 24, 2022); *G.W. v. Northbrook Indus., Inc.*, 1:20-CV-05232-JPB, 2022 WL 1644923, (N.D. Ga. May 24, 2022); *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017), *S.Y. v. Naples Hotel Co.*, 476 F. Supp.3d 1251, 1257 (M.D. Fla. 2020).

Plaintiffs anticipate they will also rely on case law pertaining to damages (including punitive damages) and attorney's fees.

**3. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment,**

3

**identifying the subjects of the information (attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**4. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, for all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

See Attachment B.

**5. Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**6. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by**

**category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

See Attachment D.

**7. Attach for inspection and copying under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered into this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)**

See Attachment E.

**8. Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiffs' cause of action and state the basis and extent of such interest.**

None that are known.

Respectfully submitted on December 9, 2024.

                              ANDERSEN, TATE & CARR, P.C.

                              */s/ Rory A. Weeks*
                              PATRICK J. MCDONOUGH
                              Georgia Bar No. 489855
                              pmcdonough@atclawfirm.com
                              JONATHAN S. TONGE
                              Georgia Bar No. 303999
                              jtonge@atclawfirm.com
                              RORY A. WEEKS
                              Georgia Bar No. 113491
                              rweeks@atclawfirm.com
                              JENNIFER M. WEBSTER
                              Georgia Bar No. 760381
                              jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

                                    ANDERSEN, TATE & CARR, P.C.

                                    */s/ Rory A. Weeks*
                                    PATRICK J. MCDONOUGH
                                    Georgia Bar No. 489855
                                    pmcdonough@atclawfirm.com
                                    JONATHAN S. TONGE
                                    Georgia Bar No. 303999
                                    jtonge@atclawfirm.com
                                    RORY A. WEEKS
                                    Georgia Bar No. 113491
                                    rweeks@atclawfirm.com
                                    JENNIFER M. WEBSTER
                                    Georgia Bar No. 760381
                                    jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## ATTACHMENT "A"

The following individuals are believed to have discoverable information regarding Plaintiffs' claims:

(1) H.M., c/o Andersen, Tate & Carr, P.C. (Plaintiff);

(2) I.B., c/o Andersen, Tate & Carr, P.C. (Plaintiff);

(3) Justin Dallas (Plaintiffs' Trafficker);

(4) Arnell Stewart (Plaintiffs' Trafficker);

(5) All employees, former employees, and/or independent contractors of the EconoLodge;

(6) All other victims of sex trafficking or other crimes at the subject EconoLodge, their traffickers, and witnesses to such events;

(7) All hotel guests or residents of the EconoLodge who stayed at the hotel either before, during, or after Plaintiffs' trafficking;

(8) Detectives, Investigators, Officers, and other employees of the Acworth Police Department, 4440 Acworth Industrial Drive, Acworth, Georgia 30101;

(9) Detectives, Investigators, Officers, and other employees of the Cobb County Police Department, 545 S. Fairground Street, Marietta, Georgia 30060;

(10) Any other federal, state, or local law enforcement officials who investigated crime at the EconoLodge;

(11) Any witness identified in Defendant's initial disclosures and all discovery responses;

(12) Any witness identified in Plaintiffs' and Defendant's document productions, or any other document exchanged among the parties;

(13)   Any witness identified during any future deposition in this case; and

(14)   Any person who investigated or responded to incidents involving H.M. and I.B.

Case 1:24-cv-04037-VMC   Document 14   Filed 12/09/24   Page 9 of 14

## ATTACHMENT "B"

At this time, Plaintiffs have not yet made a decision as to which, if any, expert(s) will testify at trial. Plaintiffs reserve the right to supplement this response as appropriate during the course of this litigation. However, Plaintiffs may call the investigating officers and detectives from Acworth Police Department and Cobb County Police Department or Plaintiffs' treating medical providers and qualify them as experts in their respective fields. These individuals would be expected to testify about Plaintiffs' sex trafficking, sex trafficking and other criminal activity, safety and security issues at the subject property, and Plaintiffs' injuries, damages, and pain and suffering. These witnesses' testimony would be based on their training, experience, education, and treatment related to the subject incident.

## ATTACHMENT "C"

| | |
|---|---|
| 1 | Any and all CADS, 911 audio, and incident reports obtained as it relates to the subject property and nearby properties and all documents related to the investigation of Plaintiffs' traffickers. |
| 2 | Any and all reviews, commentaries, and notations on public websites as it relates to the subject property. |
| 3 | Copies of pictures and videos of Plaintiffs and the premises during the time Plaintiffs were sex trafficked and prior to and after the time that Plaintiffs were sex trafficked. |
| 4 | Pictures and documents as they relate to Plaintiffs and the premises prior to and after Plaintiffs' sex trafficking. |
| 5 | Witness affidavits, statements, declarations, and interviews as it relates to sex trafficking at the subject property. |
| 6 | Any and all documents produced by Plaintiffs. |
| 7 | Any and all documents produced by Defendant, including any and all documents produced by Defendant in other cases where they are a named party. |
| 8 | Any and all documents received by subpoena and/or third party discovery. |
| 9 | Pictures, documents, and other related materials discovered as it relates to Defendant in anticipation of litigation. |

**Discovery is ongoing. Plaintiffs reserve the right to supplement this list as additional documents become available.**

**ATTACHMENT "D"**

Plaintiffs state their intention to bring each and every claim permissible under Georgia and Federal law arising from their sex trafficking.

As a direct, proximate, and foreseeable result of the Defendant's violations of the TVPRA, Plaintiffs sustained personal injuries, mental and emotional pain and suffering, experienced mental anguish, and suffered other damages as will be proven at trial. Damages will be awarded in an amount to be determined by the enlightened conscience of a fair and impartial jury.

Plaintiffs bring each and every claim permissible under Georgia and federal law against Defendant for injuries suffered in the incident at issue, and to recover for all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all other compensatory, special, actual, general and punitive damages permissible under Georgia law. Plaintiffs seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia and federal law, including but not limited to:

(a) Personal injuries;

(b) Past, present, and future conscious pain and suffering;

(c) Loss of enjoyment of life;

(d) Medical expenses;

(e) Mental anguish and emotional distress;

(f) Loss of past, present, and future wages;

(g)   Incidental expenses;

(i)   All special, compensatory, economic, punitive, and other damages permissible under Georgia law and federal law; and

(j)   Consequential damages to be proven at trial.

Plaintiffs are entitled to an award of punitive damages, without limitation or cap, because the actions of Defendant showed an entire want of care, which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendant in accordance with the enlightened conscience of an impartial jury pursuant to O.C.G.A. § 51-12-5.1 and 18 U.S.C. §1595(a). Furthermore, Plaintiffs are entitled to all expenses of litigation and attorneys' fees pursuant to all other Federal and Georgia statutory common laws.

14

## ATTACHMENT "E"

As it relates to any insurance agreement that may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, Plaintiffs are not aware of any such insurance agreements apart from those providing coverage to Defendant.